**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Marvin Lydell STARKS, Defendant–
Appellant.**

No. 10–50235
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Marvin Lydell Starks, Fort Worth, TX, pro se.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Marvin Lydell Starks, federal prisoner # 35930–180, seeks leave to appeal in forma pauperis (IFP) from the denial of his motion to reduce his sentence, which the district court treated as a 18 U.S.C. § 3582(c)(2) motion. He also moves for the appointment of counsel. Starks was convicted by a jury in 2004 of possession with intent to distribute "crack" cocaine within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860(a) and carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced

to 235 months of imprisonment for the possession conviction and 60 months of imprisonment for the firearms conviction, to be served consecutively. By moving to proceed IFP, Starks is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997).

Starks argues that the district court failed to address one of the issues that he raised, i.e., whether the evidence was sufficient to support his firearms conviction. Section 3582(c)(2) permits a reduction of a sentence under limited circumstances specified by the Sentencing Commission, and it is not a full resentencing. *Dillon v. United States,* —— U.S. ——, 130 S.Ct. 2683, 2691–94, 177 L.Ed.2d 271 (2010); *United States v. Doublin,* 572 F.3d 235, 238 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 517, 175 L.Ed.2d 366 (2009). Starks's challenge to his firearms conviction is not cognizable in a § 3582(c)(2) motion. *See Dillon,* 130 S.Ct. at 2691–94.

Starks also argues that he is entitled to an additional sentence reduction for his possession conviction. The district court granted a prior § 3582(c)(2) motion filed by Stark and reduced his sentence to 188 months of imprisonment. Starks has not shown that the district court erred in determining that it did not have the authority in the instant proceeding to grant a further sentence reduction. *See, e.g., United States v. Evans,* 587 F.3d 667, 672 (5th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 3462, 177 L.Ed.2d 1064 (2010). To the extent that Starks is seeking a further sentence reduction based on the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat. 825 (2010), establishing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an 18 to 1 ratio for crack cocaine offenses, Starks did not raise this argument in the district court. Further, he has not shown that this act has been made retroactively applicable.

Starks has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. Starks's motion for the appointment of counsel is DENIED.